IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

IN RE:
JAMES HAROLD CAMPBELL,          CASE NO.: 14-71101-JHH13
TARA ANTIONETTE ROSE,
    DEBTOR.
_____/

### RULE 3015 NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST HEARING

**This order modifies the terms of the debtor(s)' confirmed chapter 13 plan (the "Plan Modification").** If you object to the Plan Modification, you must file an objection with the clerk of court (an "Objection") by **December 3, 2018** (the "Objection Deadline"), and you must serve the Objection on all appropriate persons. **The chapter 13 trustee has reserved the right to object to the Plan Modification but may elect not to file an Objection.** Objections must be filed with the clerk of court electronically, by hand delivery, or by mail. The clerk's office is located at 2005 University Boulevard, Room 2300, Tuscaloosa, Alabama 35401. If you mail your Objection to the clerk's office, you must send the Objection in time for the clerk's office to **receive** your Objection by the Objection Deadline. **The Court will not consider untimely Objections.** If you timely file and serve an Objection, the court will hold a hearing to consider the Plan Modification and your Objection, and the clerk's office will notify you, and all other appropriate persons, of the time, date, and place of the hearing. If no interested party timely files and serves an Objection, the Plan Modification will become effective on December 4, 2018 (the "Effective Date"), without further notice or hearing

### CONSENT ORDER CONDITIONALLY
### DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY

     This Matter was set for hearing on June 19, 2018, upon the Motion for Relief from the Automatic Stay ("Motion for Relief") of MTGLQ Investors, LP, Rushmore Loan Management Services, LLC (hereinafter, "Movant) seeking relief from the automatic stay imposed by 11 U.S.C. §362(a) as it relates to the enforcement of the lien against the real property located at and commonly known as 2201 56th Street East, Tuscaloosa, Alabama, FL 35405, and further described in Exhibit "A" of the Motion for Relief filed with the Court on May 24, 2018 (Docket #104). Notice of the hearing was given. Based upon the pleadings, affidavit and consent of all parties, it is hereby

     **ORDERED, ADJUDGED AND DECREED** that the Motion for Relief is denied conditionally.

     **IT IS FURTHER ORDERED** that the total post petition delinquency owed to Movant as of July 2018, is as follows:

| | |
|---|---:|
| 4 Payments   (5/18 - 7/18 at $340.19 per month | $1020.57 |
| Court Cost | $1,031.00 |
| Less Suspense | ($3.84) |
| Total Postpetition Arrearage | $2047.73 |

     **IT IS FURTHER ORDERED** that subject to the occurrence of the Effective Date, Movant is granted a secured claim for the postpetition arrearage above, payable by the Trustee upon Movant filing a proper proof of claim at a monthly fixed amount of $228.00, and debtor's plan payments are increased to $2,405.00 per month. Movant shall file said Supplemental Proof of Claim for the

above arrearage amount within forty-five (45) days of the entry of this Order. Should Movant fail to file said supplemental claim within said time frame, Debtor shall be authorized for file a claim on behalf of the creditor for the above amount.

**IT IS FURTHER ORDERED** that should Movant and/or its successors and assigns fail to receive any payment specified herein and any regular monthly payments from Debtor (August 2018) pursuant to the terms of the loan documents, and after a twenty (20) day written notice of default to Debtor, Debtor's attorney, and Trustee, and if the Debtor does not cure the default within the twenty (20) days, Movant shall file a notice of termination of stay with the Court, with service upon Debtor and Debtor's attorney, and Trustee, and the stay provided under 11 U.S.C. Section 362 shall terminate automatically without further order of this Court, as it relates to the enforcement of the lien regarding the aforementioned property, and Movant, its successor and assigns, shall be free to enforce any and all of its respective rights, title and interest in and to the aforementioned property, including, but not limited to, foreclosure, in accordance with the provisions of the note and mortgage and the laws of the State of Alabama. Should the automatic stay terminate pursuant to the provisions of this paragraph, upon the filing of a Notice of Termination, Trustee is authorized to reduce the secured claim of creditor to the amount paid by the Trustee. Creditor shall have ninety (90) days from the date of the filing of any such Notice of Termination to file an unsecured claim for any deficiency balance, which shall be subject to discharge in the case and paid pro rata with other nonpriority unsecured claims not separately classified by the plan. This Order shall not be stayed pursuant to Fed.R.Bankr.P. 4001(a)(3). The provisions of this Order shall continue to remain in force and effect upon the conversion of this case to any other chapter of the Bankruptcy Code.

**IT IS FURTHER ORDERED** that in the event a notice of default is issued pursuant to Debtor's noncompliance with this Order, Movant may recover reasonably attorney fees and costs for preparing such notice as allowed in accordance with the provisions of the note and mortgage and the laws of the State of Alabama. Waiver of default shall not constitute waiver of any subsequent default.

**IT IS FURTHER ORDERED** that Movant and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. Final agreements are subject to Court approval. Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse, unless included in a reaffirmation agreement in a Chapter 7 case.

**IT IS FURTHER ORDERED** that Movant shall be permitted to communicate with the Debtor and Debtor's counsel to the extent necessary to comply with the applicable nonbankruptcy law.

**IT IS FURTHER ORDERED** that in the event the stay is lifted and the property is foreclosed, any deficiency will be treated as a general unsecured claim and will be discharged at the end of the case.

**IT IS FURTHER ORDERED** that in the event the stay is lifted, the secured claim will be reduced to the amount paid and creditor shall have ninety (90) days to file an unsecured deficiency claim.

**DONE** this the 9th day of November 2018.        /s/ JENNIFER H. HENDERSON
                                                  UNITED STATES BANKRUPTCY JUDGE

This Order prepared by and consented to by:

/s/ *Jackson E. Duncan, III*
Jackson E. Duncan, III
Attorney for INSERT
McCalla Raymer Leibert Pierce, LLC
2 North 20th Street, Suite 1000
Birmingham, Alabama 35203
Phone: (205) 443-0081
Email: Jackson.Duncan@mccalla.com


This Order consented to by:

*/s/ Eric M. Wilson  w/permission*
Eric M Wilson
Attorney for Debtor
Wilson Bettis LLC
1902 8th Street
Tuscaloosa, AL 35401